O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ROSE L. GODOY, | ) | CASE NO. CV 07-07952 (RZ) |
| Plaintiff, | ) | |
| vs. | ) | MEMORANDUM OPINION AND ORDER |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | ) | |
| Defendant. | ) | |

The Social Security Commissioner denied Plaintiff's application for Supplemental Security Income; Plaintiff seeks review. Plaintiff has been here before; in May, 2005, the Court affirmed the Commissioner's decision denying Plaintiff benefits. *Godoy v. Barnhart*, CV 04-1787-RZ (Judgment entered May 12, 2005). For some reason, the Administrative Law Judge was not aware of the prior adjudication [AR 12] and, since neither party addresses its impact, the Court will not do so either, instead addressing only those issues raised by the parties.

The Administrative Law Judge found that Plaintiff did not have a medically determinable mental impairment [AR 17]; Plaintiff asserts that she did because her doctor's treating notes contain a reference to "personality disorder, anxiety state." (Plaintiff's Memorandum, *citing* AR 117.) The regulations refer to "impairments" as those affecting function; thus, it is only when an impairment is "severe" that the administrative evaluation

continues, and an impairment is severe if it more than minimally affects certain life functions. *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996). An impairment also must be "medically determinable", which means that it "must be established by medical evidence consisting of signs, symptoms, and laboratory findings," not only by a claimant's statements of symptoms. 20 C.F.R. § 416.908. And an impairment must either be expected to result in death or to last for a continuous period of at least twelve months. 20 C.F.R. § 416.909. Other than the brief statement in the diagnosis, however, there is little to go on here; there are no signs, symptoms or laboratory findings referenced; there is no reason to believe that the "personality disorder anxiety state" was expected to last for twelve months; and, by the fact that the immediately-following notation indicates that the doctor thought Plaintiff should be referred to a psychiatrist, the indication is that the doctor's diagnosis was tentative, perhaps a starting point, but not a determination of a mental impairment. Without more in the record, and Plaintiff points to nothing else, the Court cannot say that the Administrative Law Judge was wrong in concluding that there was no medically determinable mental impairment. Therefore, also, the Administrative Law Judge was not wrong in declining to "rate" Plaintiff's mental impairment, as Plaintiff urges here.

Plaintiff next complains that the Administrative Law Judge did not detail the side effects of her medications. Plaintiff cites an internal Social Security ruling suggesting that Administrative Law Judges consider such side effects, but such rulings do not have the force of law, *Paxton v. Secretary of Health and Human Servs.,* 856 F.2d 1352, 1356 (9th Cir. 1988), and failure to follow them does not constitute reversible error. Moreover, an Administrative Law Judge is not required to discuss each piece of evidence before him, *Howard v. Barnhart*, 341 F.3d 1006, 1012 (9th Cir. 2003). Nor do the authorities support Plaintiff's assertion that an Administrative Law Judge must accept that medications have certain side effects unless the Administrative Law Judge gives specific findings similar to those for excess pain testimony.

Plaintiff finally complains that the Administrative Law Judge did not consider fully the opinion of Dr. Arbary as to her back pain and associated radiculopathy. Since the Administrative Law Judge did, in fact, consider these ailments [AR 16-17], the Court understands Plaintiff's argument to be that the Administrative Law Judge did not impose the same limitations which the doctor suggested. However, the Administrative Law Judge was not required to do so, if he gave specific and legitimate reasons for his decision. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996). This requirement he fulfilled; he indicated that there were no objective findings to back up the limitations, that Plaintiff gave poor effort during her examination and that, in any event, Dr. Arbary's limitations would not have prevented Plaintiff from performing work in the medium category of exertion. [AR 16] This, coupled with the findings of a consultant [AR 17], provided sufficient backing for the Administrative Law Judge's determination.

In accordance with the foregoing, the Commissioner's decision is affirmed.

DATED:   July 8, 2008

RALPH ZAREFSKY
UNITED STATES MAGISTRATE JUDGE